UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL LUIS FACUNDO,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

_____/

CRIMINAL CASE NO. 16-CR-20068
CIVIL CASE NO. 20-CV-10200

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(ECF No. 33)

## I.  RECOMMENDATION

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 33) be **DENIED** and that the civil case be **DISMISSED**.

## II.  REPORT

### A.  Background

Petitioner pleaded guilty to count two of an indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) pursuant to a Rule 11 plea agreement on October 1, 2018. (ECF No. 26.) On February 8, 2019, a judgment entered sentencing Petitioner to 120 months of incarceration to be followed by two years of supervised release. (ECF No. 32, PageID.144–5.) Petitioner did not file an appeal. On January 23, 2020, Petitioner filed the instant motion to vacate sentence (ECF No. 33,) and the government has responded. (ECF No. 40.)

### B.  Standards

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense—not what bears a false label of 'strategy'—based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency

to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487–8 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141–2 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

### C. Analysis and Conclusions

Petitioner claims his attorney was ineffective: (1) "for incorrectly explaining the elements of § 922(g)(1) and rendered the plea invalid" citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (ECF No. 33, PageID.167–9); and (2) "for allowing Petitioner to enter a guilty plea without viewing the evidence against him rendering the plea agreement invalid" referring "video evidence that Petitioner was not allowed to view" and contending that counsel told him the government threatened to file additional charges such as a violation of § 924(c) if he did not accept the plea offer, and counsel told him to "state for the record that nobody threatened or promised him anything in exchange for the plea" thereby making counsel "implicit in the threat." (ECF No. 33, PageID.169–170.)

#### 1. *Rehaif v. United States*

Petitioner argues that he is entitled to relief under *Rehaif* because his counsel failed to properly explain the elements of the charge since he neglected the element that the defendant "'knew that he belonged to the relevant category of persons barred from possessing a firearm.'" (ECF No. 33, PageID.167), quoting *Rehaif*. Petitioner is correct regarding the holding of the

4

Supreme Court in *Rehaif*; however, counsel was not ineffective for failing to anticipate the Supreme Court's ruling and the holding in *Rehaif* is not retroactively applicable on collateral review as in this § 2255 motion.

In *Rehaif*, the Supreme Court interpreted the *mens rea* element and held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. The language "he knew he belonged to the relevant category of persons barred from possessing a firearm" has been interpreted by reference to the Court's contrasting statement that a "defendant who does not know that he is an alien 'illegally or unlawfully in the United States' does not have the guilty state of mind that the statute's language and purposes require." *Rehaif*, 139 S. Ct. at 2198. Most courts have thus concluded that "*Rehaif* requires only that the government establish the defendant knew he belonged to a class of individuals listed in 922(g); not that he knew that class of individuals was prohibited by federal law from possessing firearms." *United States v. Sargent*, 2020 WL 2085088, at *3 (E.D. Mich. Apr. 30, 2020), citing *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019, cert denied, sub nom. *Hope v. United States*, 140 S. Ct. 815 (Mem) (2020). This reading also comports with the Supreme Court's explanation that the maxim that ignorance or mistake of the law is no excuse is not violated by its holding because that maxim "normally applies where a defendant has the requisite mental state in respect to the elements of the crime but claims to be 'unaware of the existence of a statute proscribing his conduct.'" *Rehaif*, 139 S. Ct. at 2198, quoting W. LaFave & A. Scott, Substantive Criminal Law § 5.1(a), p. 575 (1986).

The Court in *Rehaif* did not discuss retroactivity at all. The Eleventh Circuit has held that *Rehaif* "did not announce a 'new rule of constitutional law'" but rather clarified statutory interpretation. *In Re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Thus, the court held that the ruling in *Rehaif* did not apply retroactively to cases on collateral review. *Id.*[1] The Sixth Circuit has cited *Palacios* and agreed that *Rehaif* "is a matter of statutory interpretation, not a 'new rule of constitutional law'" in the context of concluding that the decision would not provide for relief under § 2255(h). *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *see also*, *Cooper v. United States*, 2019 WL 7494402, at *2 (6th Cir. Dec. 12, 2019) (petitioner "has also not shown that *Rehaif* applies retroactively to cases on collateral review. This claim does not deserve encouragement to proceed further."). In addition, numerous district courts in our Circuit have cited and concurred with the Eleventh Circuit's decision in *Palacios* and concluded that *Rehaif* is not retroactively applicable to cases on collateral review. *See e.g.*, *Wallace v. United States*, 2020 WL 2194002, at *3 (M.D. Tenn. May 6, 2020) (collecting cases); *United States v. Burley*, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases) (also finding counsel was not ineffective "for failing to anticipate an argument that was successful three years later").

In addition, since Petitioner was not convicted via jury trial as the Defendant in *Rehaif* was, but rather pleaded guilty to this offense, he has even less cause to challenge the conviction. *Malone v. United States*, 2019 WL 7049805, at *3 (N.D. Ohio, Dec. 23, 2019) ("After *Rehaif*,

---

[1] The concurring opinion would have found that "*Rehaif* announced a new rule of substantive law that is necessarily retroactive under *Teague [v. Lane*, 489 U.S. 288 (1989)]" because of the "'significant risk that a defendant stands convicted of an act that the law does not make criminal.'" *Palacios*, 931 F.3d at 1317 (concurring) (internal citation omitted).

courts considering § 2255 motions have declined to vacate a criminal defendant's sentence when he has pleaded guilty to the offense.") (collecting cases). This conclusion is buttressed by the fact that in this particular case, not only did Petitioner admit that he knew of his status as a convicted felon but he also admitted that he knew he was not able to possess firearms legally because of that status. Petitioner was asked by his lawyer, "is it true that you knew that you couldn't legally possess a firearm [] because of those two prior convictions, two prior felony convictions?" and he responded, "Yes[.]" (ECF No. 31, PageID.136, see also, 138.) The instant Petitioner admitted that he knew of his status as a convicted felon and that he knew it was illegal for him to possess a firearm. Thus, Petitioner cannot establish any prejudice resulting from the guilty plea process.

    I further note that Petitioner has not alleged that if he were aware of the elements of the offense as clarified in *Rehaif*, that he would not have pleaded guilty had he been aware of the knowledge-of-status requirement under the statute as interpreted by the Court in *Rehaif*; thus, he cannot show any prejudice resulting from this alleged error.

    Finally, I note that "[a]n attorney's failure to anticipate a change in the law typically will not support a claim of ineffective assistance of counsel." *United States v. Finney*, ___ F. App'x ___, 2020 WL 1061671, at *2 (11th Cir. Mar. 5, 2020) (finding counsel not ineffective for failing to inform him that knowledge of his status as a convicted felon was an element of the charged offense, i.e., § 922(g)(1)).

    Therefore, I suggest that Petitioner's first ground does not entitle him to relief.

## 2. Video evidence and the Plea

Here, Petitioner contends that counsel was ineffective "for allowing Petitioner to enter a guilty plea without viewing the [video] evidence against him" and for wrongfully advising him to "state for the record that nobody threatened or promised him anything in exchange for the plea" despite the fact that counsel told him the government threatened to file additional charges such as a violation of § 924(c) if he did not accept the plea offer. (ECF No. 33, PageID.169–170.) The government response contains an affidavit from trial counsel indicating that he was allowed to review the video recordings of the controlled purchases used to support the charges against Petitioner and he was able to show Petitioner some still photographs taken from the video recordings but counsel was unable to show the entire video to his client because of the government's concern for the confidential informant involved. (ECF No. 40, PageID.190, 194–5.) In addition, trial counsel attests that no threats were made by the government but that counsel had explained that an advantage of taking the plea offer was to avoid the government filing a different charge against him that could have resulted in him receiving a sentence of more than 10 years. (ECF No. 40, PageID.191, 195–6.) This discussion also occurred during the plea hearing as trial counsel asked Petitioner in open court, "you understand that the government could have filed a different charge and you could have been sentenced more than 10 years, do you understand that?" to which Petitioner responded, "Yes" and when trial counsel clarified "[b]ut that's part of the agreement, they agreed not to do that" and Petitioner acknowledged this was accurate. (ECF No. 40, PageID.191; ECF No. 31, PageID.136.) Thus, there were no clandestine threats; instead, the possible charges and the benefit of the plea bargain was discussed in open court and Petitioner's sworn statements as to his understanding of the plea

agreement, the possible consequences, the rights he had and those he indicated he would be willing to give up, and the voluntariness of his plea, cannot be undone with such conclusory assertions as stated in Petitioner's motion. *Warfield v. United States*, 2011 WL 4436520, at *5 (W.D. Ky. Aug. 19, 2011) (Petitioner's "ineffective assistance claim fails because his bare assertions in support are not credible in light of his sworn statements during the change of plea hearing." (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Accordingly, I suggest that this ground does not merit relief either.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to

duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E.  Conclusion

For the reasons stated above, I recommend the motion to vacate (ECF No. 33) be **DENIED** and the civil case **DISMISSED**.

### III.  REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it

pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 12, 2020                                S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Daniel Luis Facundo #05845480 at McKean Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 8000, Bradford, PA 16701.

Date: May 12, 2020                                By s/Kristen Castaneda
                                                  Case Manager